STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310) 452-3200

JOSEPH REICHMANN (SBN 29324)
filing@yagmanlaw.net
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310) 452-3200

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| **R.J. BEABER** and **A.W. CLARK**,<br>Plaintiffs,<br>v.<br>**SHIRLEY N. WEBER**, as California Secretary of State,<br>Defendants. | **COMPLAINT** |

**JURISDICTION AND VENUE**

1. Plaintiffs assert federal claims, under 42 U.S.C. § 1983 (civil rights), against defendant, and subject matter jurisdiction lies pursuant to 28 U.S.C. § 1331 of the federal claims.

2. The matters that are the bases for this action occurred in Los Angeles County, California, and defendant maintains an office in Los Angeles County, California, and therefore venue lies in the United States District Court for the Central District of California, and in its Western Division, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

3. Plaintiffs are persons who are eligible voters as to the upcoming California, Sept. 14, 2021 recall election, in which it is to be decided whether or not to recall Governor Gavin Christopher Newsom, and, if decided to be "yes," by a majority of voters, then who should succeed him as governor, but to be decided by only a plurality of voters, thus diluting the one person-one vote constitutional standard of the voters who vote "no" on the first, recall issue. Governor Newsome's supporters would be disenfranchised as to the second, succession issue. *See infra*.

4. Defendant is the California officer who is charged with conducting and administering the Sept. 14, 2021 recall election.

## ALLEGATIONS COMMON TO EACH COUNT

6. Each and every allegation set forth in each and every averment of this complaint hereby is incorporated in each and every other averment and allegation of this complaint.

7. "All political power is inherent in the people. Government is instituted for their protection, security, and benefit, and they have the right to alter or reform it when the public good may require." California Constitution, Art. II, § 1.

8. "A United States citizen 18 years of age and resident in this State may vote." *Id.* at § 2(a).

9. "A voter who casts a vote in an election in accordance with the laws of this State shall have that vote counted." *Id.* at § 2.5.

10. "Recall of a state officer is initiated by delivering to the Secretary of State a petition alleging reason for recall." *Id.* at §14(a).

11. "An election to determine whether to recall an officer and, if appropriate, to elect a successor shall be called by the Governor and held not less

than 60 days nor more than 80 days from the date of certification of sufficient signatures." *Id.* at § 15(a).

12. "If the majority vote on the question is to recall, the officer is removed and, if there is a candidate, the candidate who receives a plurality is the successor. The officer may not be a candidate, nor shall there be any candidacy for an office filled pursuant to subdivision (d) of Section 16 of Article VI." *Id.* at § 15(c).

13. Cal. Const. Art. II, § 15(c) is unconstitutional under the United States Constitution, because it violates the legal standard of "one person, one vote."

14.-99. Reserved.

**COUNT 1**

**(Violation of the Right to Equal Protection, Under the 14th Amendment)**

100. Section 1 of the Fourteenth Amendment to the United States Constitution provides that "nor [shall any State] deny to any person within its jurisdiction the equal protection of the laws."

101. Cal. Const. Art. II, §§ 2 and 2.5 Section 2 and 2.5 explain that people 18 and over may vote, and they have a right to have that vote counted.

102. Inherent in that right to vote is the right to an equal vote, one that is of equal weight and equal power in deciding an election. The United States Supreme Court has similarly affirmed the constitutional requirement that votes be of equal weight and power.

103. The recall provision in the California Constitution, specifically, § 15, does not establish a way for votes to be of equal weight and power, since the state officer sought to be recalled specifically is prohibited for running and cannot run to replace her/himself. Most importantly, it creates a situation in which a larger plurality can support keeping the elected officer in office, while a smaller plurality has more say in whom the successor would be.

104. Put another way, electors who would vote to recall have two votes -- one whether or not to recall, and one to select a successor if recall is voted, while

electors who would vote not to recall and who in effect vote for the incumbent who is sought to be recalled, have only one vote, thus diluting the vote of the latter group of electors by 50%, which results in their not being one person, one vote.

105. 2010's Proposition 14 (Top Two Primaries Act), which amended sections 5 and 6 of Art. II of the California Constitution, invalidated and rendered unconstitutional the recall sections, because Prop. 14 mandated that all California state-wide offices be chosen by a majority of voters, whereas the recall sections allow a plurality of electors to choose statewide officers.

106. This violates both the Equal Protection Clause of the Fourteenth Amendment, and the Equal Protection Clause of the Fourteenth Amendment, as interpreted by the United States Supreme Court.

**COUNT 2**

**(Violation of the Right to Due Process of Law, Under the 14th Amendment)**

107. Section 1 of the Fourteenth Amendment to the United States Constitution provides that "nor shall any State deprive any person of life, liberty, or property, without due process of law . . . ." This right includes the right to vote.

108. Cal. Const. Art. II, §§ 2 and 2.5 Section 2 and 2.5 explain that people 18 and over may vote, and they have a right to have that vote counted.

109. Inherent in that right to vote is the right to an equal vote, one that is of equal weight and equal power in deciding an election. The United States Supreme Court has similarly affirmed the constitutional requirement that votes be of equal weight and power.

110. The recall provision in the California Constitution, specifically, § 15, does not establish a way for votes to be of equal weight and power, since the state officer sought to be recalled specifically is prohibited for running and cannot run to replace her/himself. Most importantly, it creates a situation in which a larger

plurality can support keeping the elected officer in office, while a smaller plurality has more say in whom the successor would be.

111. Put another way, electors who would vote to recall have two votes -- one whether or not to recall, and one to select a successor if recall is voted, while electors who would vote not to recall and who in effect vote for the incumbent who is sought to be recalled, have only one vote, thus diluting the vote of the latter group of electors by 50%, which results in their not being one person, one vote.

112. 2010's Proposition 14 (Top Two Primaries Act), which amended sections 5 and 6 of Art. II of the California Constitution, invalidated and rendered unconstitutional the recall sections, because Prop. 14 mandated that all California state-wide offices be chosen by a majority of voters, whereas the recall sections allow a plurality of electors to choose statewide officers.

113. This violates both the Due Process Clause of the Fourteenth Amendment, and the Due Process Clause of the Fourteenth Amendment, as interpreted by the United States Supreme Court.

**Wherefore**, plaintiffs request relief against defendant, as follows:

1. Declaratory relief that the California Constitution Art. II, § 15(c) is unconstitutional as a matter of law and as sought to be applied, under the U.S. Const. 14th Amendment, in the Sept. 14, 2021 recall election;

2. Injunctive relief prohibiting the use of California Constitution Art. II, § 15(c) in the Sept. 14, 2021 recall election;

3. Injunctive relief prohibiting the holding of the Sept. 14, 2021 recall election;

4. Costs of suit, including attorneys' fees; and,

5. Such other relief as is just and proper.

//

//

**YAGMAN + REICHMANN, LLP**

By: /s/ Stephen Yagman
**STEPHEN YAGMAN**

By: /s/ Joseph Reichmann
**JOSEPH REICHMANN**