STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310) 452-3200

JOSEPH REICHMANN (SBN 29324)
filing@yagmanlaw.net
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310) 452-3200

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **R.J. BEABER** and **A.W. CLARK**,<br><br>Plaintiffs,<br><br>v.<br><br>**SHIRLEY N. WEBER**, as California Secretary of State,<br><br>Defendants. | 2:21-cv-06558-CAS(KSx)<br><br>**NOTICE OF MOTION AND MOTION (1) FOR DECLARATORY RELIEF AND (2) PRELIMINARY INJUNCTION, DECLARING THE UNCONSTITUTIONALITY OF CAL. CONST. ART. II, § 15(c), AND ENJOINING THE SEPT. 14, 2021 CALIFORNIA RECALL ELECTION, BASED ON THE UNCONSTITUTIONALITY OF § 15(c)**<br><br>Date: To Be Set By Court[1]<br>Time: To Be Set By Court<br>Place: To Be Set By Court |

**PLEASE TAKE NOTICE** that plaintiffs move the court to declare the unconstitutionality, under the United States Constitution, of Cal. Const. Art. II,

---

[1] Plaintiffs file, concurrently herewith, and *ex parte* application in which they request that the court shorten the time for hearing the instant motion and set briefing and hearing dates.

1

§15(c), and that oral argument will be heard on a date, at a time, and in a mode and place to be set by the court, and that the instant motion is based on the ground that § 15(c) is violative of both the Fourteenth Amendment to the United States Constitution's Equal Protection Clause and Due Process Clause.

    The L.R. 7-3 meet and confer process was initiated on August 13, 2021, Declaration of Stephen Yagman, attached hereto, and will be completed as expeditiously as is facilitated by defense counsel.

**YAGMAN + REICHMANN, LLP**

By: _/s/ Stephen Yagman_____
      **STEPHEN YAGMAN**

**YAGMAN + REICHMANN, LLP**

By: _/s/ Joseph Reichmann_____
      **JOSEPH REICHMANN**

//

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs submit this memorandum of points and authorities in support of their motion for declaratory relief and the issuance of a preliminary injunction, blocking the Sept. 14, 2021, California recall election.

## I.
## INTRODUCTION

The State of California is scheduled to conduct a recall election on Sept. 14, 2021, and the State officer who is conducting that election is California Secretary of State, Dr. Shirley Weber.

The two issues on the recall ballot are (1) whether or not Gov. Gavin Christopher Newsom should be recalled as California Governor, and, if so, then (2) who should replace him as Governor.

Importantly, Cal. Const. Art. II, § 15(c) prohibits Gov. Newsom from being a candidate for Governor, should a majority of the electors/voters vote in the affirmative on issue 1, so that Gov. Newsom's name does not appear on the recall ballot as a person whom the electors/voters can select to be Governor.

Specifically, § 15(c) provides that "[i]f the majority vote on the question is to recall . . . [t]he officer [who is recalled] may not be a candidate . . . for . . . [the] office [of Governor] . . . ."

Additionally, § 15(c) provides that "if there is a candidate [as to issue two] who receives a plurality [of the votes she or he] is the successor."

Thus, although Gov. Newsom could receive more votes against his recall on issue 1, still a candidate who seeks to replace him and who receives fewer votes could be chosen to be Governor.

This process is violative of the Equal Protection and Due Process Clauses of the Constitution's Fourteenth Amendment, because it flies in the face of the federal legal principle of "one person, one vote," and gives to voters who vote to recall the

Governor two votes -- one to remove him and one to select a successor, but limits to only one vote the franchise of those who vote to retain him and that he not be recalled, so that a person who votes for recall has twice as many votes as a person who votes against recall. This is unconstitutional both on its face and as applied.

## II.
## CALIFORNIA CONSTITUTION ARTICLE II, § 15(c) IS UNCONSTITUTIONAL, UNDER THE FEDERAL CONSTITUTION.

"Undeniably the Constitution of the United States protects the right of all qualified citizens to vote, in state . . . elections." *Reynolds v. Sims*, 377 U.S. 533, 555 (1964). All qualified voters have a constitutionally protected right to vote. *See e.g. Ex parte Yarbrough*, 110 U.S. 651 (1884) ("*The Ku Klux Klan Cases*"). Plaintiffs are qualified citizens, who have a right to vote in the Sept. 14, 2021 California recall election.

Indeed, and crucial here, is that "[t]he right to vote freely *for the candidate of one's choice* is of the essence of a democratic society, and any restrictions on that right strike at the heart of representative government[,] [a]nd the right of suffrage can be denied by debasement or *dilution* of the weight of a citizen's vote just as effectively as by wholly prohibiting the free exercise of the franchise." *Reynolds*, 377 U.S. at 555 (emphases added). Here, under § 15(c), plaintiffs are barred and prevented from voting freely for the candidate of their choice, and thus denied the "essence of democracy," because their right to vote is denied by debasement and dilution, so that they are prohibited and prevented from the free exercise of their franchise. Plaintiffs get to vote only once, while all voters who vote in favor of recall, should they prevail on question 1, will get two votes.

This cannot stand and fails constitutional scrutiny.

Voters who are similarly-situated have a right under the federal Constitution to have their votes given the same weight. *See e.g. Wesberry*, 376 U.S. at 3, and voters who are denied that right have a right to enjoin elections that violate that

4

right. *Ibid.* *See Reynolds*, 377 U.S. at 541 (issuance of mandatory injunction warranted when right to vote is impaired).

When voters will be deprived of the full benefit of their right to vote, as here plaintiffs would be by Cal. Const. Art. II, § 15(c), which violates the Due Process, Equal Protection, and Privileges and Immunities Clauses of the Fourteenth Amendment, those voters have a right to injunctive relief. *Ibid.*

When state law grossly discriminates against some voters, by contracting the value of their votes, and expanding the value of other votes, as here is the case, then, since the Constitution provides that "each vote be given as much weight as any other vote," *Wesberry*, 376 U.S. at 7, then such state law "cannot stand." *Ibid.* This is so because "one man's [or woman's] vote . . . is to be worth as much as another's" *Id*. at 8.

### III.
### BOTH DECLARATORY AND INJUNCTIVE RELIEF ARE WARRANTED.
#### A. DECLARATORY RELIEF

"In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party[,] . . . [and a]ny such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201. Moreover, "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202.

Here, based on the foregoing, plaintiffs are entitled to the declaratory relief that § 15(c) is unconstitutional both on its face and as applied in the Sept. 14, 2021 recall election, and to further injunctive relief. *See infra.*

//
//

## B. PRELIMINARY INJUNCTIVE RELIEF

"A plaintiff seeking a preliminary injunction must establish that he [or she] is likely to succeed on the merits, that he [or she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his [or her] favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). *See Munaf v. Geren*, 553 U.S. 674, 689-90 (2008); *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542 (1987); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311-12 (1982). Plaintiffs here are likely to succeed on the merits, *see supra*, plaintiffs are likely to suffer irreparable harm in that they will have been deprived of their rights to have their votes count and to have equal weight with all votes in favor of recall and in favor of a candidate other than Governor Newsom, the balance of equities tips decidedly in plaintiffs' favor and against defendant, and clearly a preliminary injunction is in the public interest, because it always is in the public's interest to have constitutional and lawful elections.

In the Ninth Circuit, a party may obtain injunctive relief in the form of a preliminary injunction by satisfying one of two, alternative tests.

The traditional test requires that there be "(1) a strong likelihood[2] of success on the merits [as here there is], (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted [as here there is], (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest[.]" *Johnson v. California State Board of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995). The public interest is the most important factor, and it would be irreparably harmed

---

[2] *Winter* did not change this standard, and it arguably reduced the "*strong* likelihood" standard to merely " likely to succeed on the merits." Plaintiffs have met both standards.

6

were the recall election to go forward, because the consequences and their ripple effects would be enormous and negative.

Under the so-called "alternative test," a party seeking injunctive relief must demonstrate either (1) a combination of probable success on the merits and the possibility of irreparable injury, *or* (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. *Stanley v. Univ. of Southern California*, 13 F.3d 1313, 1319 (9th Cir. 1994).

Taken as a whole, these requirements construct "a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *MAI Systems Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 516 (9th Cir. 1993) (citations and internal quotation marks omitted). Conversely, *mutatis mutandis*, and/or by *modus tollens*, as the probability of success increases the required degree of irreparable harm decreases. *See id*.

Under the test for injunctive relief, a moving party must show that there is a fair chance of success on the merits. *Stanley,* 13 F.3d at 1319, as here plaintiffs have shown. Likewise, "[u]nder either formulation of the test, a party seeking an injunction must demonstrate that it will be exposed to some significant risk of irreparable injury." *Associated General Contractors v. Coalition for Economic Equity,* 950 F.2d 1401, 1410 (9th Cir. 1991).

Defendant is and continues to act without any legal authority and contrary to controlling legal authority, and continues to proceed with the recall election.

Plaintiffs have demonstrated that they are entitled to a preliminary injunction.

## IV.
## CONCLUSION

There appear to be two, possible remedies here: (1) enjoining the Sept. 14, 2021 recall election entirely; and, (2) enjoining that election insofar as it implements § 15(c), so that were it to be held it would need to include Governor

7

1 Newsom's name as a potential candidate for Governor, were question 1 to receive a
2 majority of votes and pass.

                Respectfully submitted,

                **YAGMAN + REICHMANN, LLP**

      By: _[signature]_
                **STEPHEN YAGMAN**

                **YAGMAN + REICHMANN, LLP**

      By: /s/ Joseph Reichmann
                **JOSEPH REICHMANN**

//

**DECLARATION OF STEPHEN YAGMAN**

I, Stephen Yagman, declare the following to be true under the penalty of perjury at Venice Beach, California, pursuant to 28 U.S.C. § 1746, on the date set forth below my signature hereinbelow.

1. I am one of the attorneys of record for the plaintiffs in this action.

2. On Aug. 13, 2021, at 12:55 p.m., pursuant to L.R. 7-3, I sent an email to the Public Information Unit at the California Attorney General's Office that stated the following: "This morning, *Beaber v. Weber*, 21-cv-06558-CAS, was filed in the U.S. Dist. Ct. for the Cent. Dist. of California. The plaintiffs intend to move for a preliminary injunction on Mon., Aug. 16, to enjoin the Sept. 14 recall election, and it is requested that, pursuant to Cent. Dist. Local Rule 7-3, this office be contacted to discuss this motion. You may reach this office at (310)452-3200, or by responding to this email with the provision of a name and a telephone number at which we may contact you. Thank you, for your prompt attention to this matter." I never received any response to this email.

3. After some investigation, I was able to figure out the name of an attorney in the Attorney General's Los Angeles office, who had appeared to represent the State of California in this court, and her name is Jessica Marek. I sent her the same email, but with the following appended to it: "We are forwarding to you an email that earlier was sent to the DOJ, because we could not find any other email address to which to send it. After further research, the only DOJ employee whose name and address we could find was your's, so it is being sent to you. It would be much appreciated if you would see to it that whomever a proper person is to deal with the matter receives it. Thanks very much." I received back this email: "I am currently out of the office and will return on August 23, 2021. If you need immediate assistance please contact Supervising Deputy Attorney General Ben Barnouw at ben.barnouw@doj.ca.gov or 213-269-6506."

4. I then re-sent the following email to Supervising Deputy Attorney General Barnouw: "Pursuant to Ms. Marek's email to us, the following is being forwarded to you. Thanks very much." I received the following email back from Mr. Barnouw, at 4:31 p.m.: "I did not receive an attachment. Was there an attachment to the original e-mail?" There was not, and I notified him of that.

5. I expect that on Monday morning, Aug. 16, Mr. Barnouw will contact me, but if he does not, then I shall telephone him, to hold the L.R. 7-3 conference, and to advise him of both the instant motion and the accompanying *ex parte* application, which I shall have emailed to him when it has been filed.

_____
STEPHEN YAGMAN   08/14/21

## CERTIFICATE OF SERVICE

I, STEPHEN YAGMAN, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I provided a courtesy copy of the foregoing motion to Supervising Deputy Attorney General Benjamin Barnouw, by emailing it to him at ben.barnouw@doj.ca.gov on Sat., Aug. 14, 2021, before 10:00 a.m.

_____
STEPHEN YAGMAN   08/14/21

//