STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310) 452-3200

JOSEPH REICHMANN (SBN 29324)
filing@yagmanlaw.net
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310) 452-3200

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **A.W. CLARK**,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**SHIRLEY N. WEBER**, as California Secretary of State,<br><br>　　　　　Defendant. | 2:21-cv-06558-MWF(KSx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>November 1, 2021<br>10:00 a.m.<br>Courtroom 5A<br><br>Judge Michael W. Fitzgerald |

1

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff opposes defendant's motion to dismiss, on the grounds that the issue to be decided is fact-specific, it may not be decided on a Rule 12(b)(6) motion to dismiss, that consideration of the State's recall provision that is in issue requires strict scrutiny, and the State has not shown a compelling interest in its constitutional provision that is in issue and has not drawn that provision in a sufficiently narrow manner.

The people of California are the sovereign, who delegated their sovereign power to the government of California to make voting laws, and the people could not have intended that their sovereignty be stripped from them, to prevent their voting for governor in such a manner that a governor could be elected with less than a majority of the votes cast.

## I.
## STRICT SCRUTINY IS REQUIRED.

*Burdick v. Takushi*, 504 U.S. 428, 433 (1992),[1] does not compel less than strict scrutiny of California's recall provision. In *Burdick*'s pertinent passage, the Court held as follows:

> It is beyond cavil that "voting is of the most fundamental significance under our constitutional structure." *Illinois Bd. of Elections v. Socialist Workers Party,* 440 U.S. 173, 184, 99 S.Ct. 983, 990, 59 L.Ed.2d 230 (1979). It does not follow, however, that the right to vote in any manner and the right to associate for political purposes through the ballot are absolute. *Munro v. Socialist Workers Party,* 479 U.S. 189, 193, 107 S.Ct. 533, 536, 93 L.Ed.2d 499 (1986). The Constitution provides that States may prescribe "[t]he Times, Places and Manner of holding Elections for Senators and Representatives," Art. I, § 4, cl. 1, and the Court therefore has recognized that States retain the power to regulate their own elections. *Sugarman v.*

---

[1] It is noted that no member of the *Burdick* 6-3 majority remains on the Court, and the legal and historic landscape in which *Burdick* was decided has undergone significant change, so that the present Court could render a different disposition of the issue in the instant matter.

*Dougall,* 413 U.S. 634, 647, 93 S.Ct. 2842, 2850, 37 L.Ed.2d 853 (1973); *Tashjian v. Republican Party of Connecticut,* 479 U.S. 208, 217, 107 S.Ct. 544, 550, 93 L.Ed.2d 514 (1986). Common sense, as well as constitutional law, compels the conclusion that government must play an active role in structuring elections; "as a practical matter, there must be a substantial regulation of elections if they are to be fair and honest and if some sort of order, rather than chaos, is to accompany the democratic processes." *Storer v. Brown,* 415 U.S. 724, 730, 94 S.Ct. 1274, 1279, 39 L.Ed.2d 714 (1974).

Election laws will invariably impose some burden upon individual voters. Each provision of a code, "whether it governs the registration and qualifications of voters, the selection and eligibility of candidates, or the voting process itself, inevitably affects—at least to some degree—the individual's right to vote and his right to associate with others for political ends." *Anderson v. Celebrezze,* 460 U.S. 780, 788, 103 S.Ct. 1564, 1569–1570, 75 L.Ed.2d 547 (1983). Consequently, to subject every voting regulation to strict scrutiny and to require that the regulation be narrowly tailored to advance a compelling state interest, as petitioner suggests, would tie the hands of States seeking to assure that elections are operated equitably and efficiently. See Brief for Petitioner 32–37. Accordingly, the mere fact that a State's system "creates barriers ... tending to limit the field of candidates from which voters might choose ... does not of itself compel close scrutiny." *Bullock v. Carter,* 405 U.S. 134, 143, 92 S.Ct. 849, 856, 31 L.Ed.2d 92 (1972); *Anderson, supra,* 460 U.S., at 788, 103 S.Ct., at 1569–1570; *McDonald v. Board of Election Comm'rs of Chicago,* 394 U.S. 802, 89 S.Ct. 1404, 22 L.Ed.2d 739 (1969).

Instead, as the full Court agreed in *Anderson,* 460 U.S., at 788–789, 103 S.Ct., at 1569–1570; *id.,* at 808, 817, 103 S.Ct., at 1580, 1584–1585 (REHNQUIST, J., dissenting), a more flexible standard applies. A court considering a challenge to a state election law must weigh "the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff seeks to vindicate" against "the precise interests put forward by the State as justifications for the burden imposed by its rule," taking into consideration "the extent to which those interests make it necessary to burden the plaintiff's rights." *Id.,* at 789, 103 S.Ct., at 1570; *Tashjian, supra,* 479 U.S., at 213–214, 107 S.Ct., at 547–548.

3

> Under this standard, the rigorousness of our inquiry into the propriety of a state election law depends upon the extent to which a challenged regulation burdens First and Fourteenth Amendment rights. Thus, as we have recognized when those rights are subjected to "severe" restrictions, the regulation must be "narrowly drawn to advance a state interest of compelling importance." *Norman v. Reed,* 502 U.S. 279, 289, 112 S.Ct. 698, 705, 116 L.Ed.2d 711 (1992). But when a state election law provision imposes only "reasonable, nondiscriminatory restrictions" upon the First and Fourteenth Amendment rights of voters, "the State's important regulatory interests are generally sufficient to justify" the restrictions. *Anderson,* 460 U.S., at 788, 103 S.Ct., at 1569–1570; see also *id.,* at 788–789, n. 9, 103 S.Ct., at 1569–1570, n. 9. We apply this standard in considering petitioner's challenge to Hawaii's ban on write-in ballots.

Because "voting is of the most fundamental significance under our constitutional structure[,]" and notwithstanding *Burdick*'s conclusion that the Hawai'i statute in issue there did not warrant strict scrutiny, plaintiff herein demurs from application of that holding here, at least because the California constitutional provision herein in issue is significantly more burdensome on the right to vote and "burdens First and Fourteenth Amendment rights," so that it is a "'severe' restriction[] . . . [that] must be 'narrowly drawn to advance a state interest of compelling importance.'" *Id*. at 434.

In today's United States of America, "voting [as a] most fundamental significan[t]" right takes strict scrutiny, which defendant has failed to address. *See infra*.

//
//
//
//
//
//
//

4

State election laws necessarily are fact-specific[2], and the state election law in issue in the instant action is so "severe" as to significantly burden plaintiff's right to vote, and is not "narrowly drawn [so as] to advance a state interest of compelling importance," *ibid.*, so that it requires strict scrutiny.  Defendant has not attempted to satisfy the strict scrutiny standard, much less satisfied it.

Unless and until defendant puts forward "a state interest of compelling importance" and then explains how it is that the law in issue was "narrowly drawn [so as to] advance a state interest of compelling importance," this action should not be dismissed.  Therefore, since defendants has failed to meet *her* burden, the motion to dismiss should be denied.

Respectfully submitted,

YAGMAN + REICHMANN, LLP

By: _____
    STEPHEN YAGMAN

---

[2] Here, this court must balance "'the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff seeks to vindicate' against 'the precise interests put forward by the State as justifications for the burden imposed by its rule.'" (Citation omitted.) *Burdick*, 504 U.S. at 434.  The court knows what plaintiff's asserted injury is, but cannot put it into the balance with "the precise," or any, "interests put forward by the State as justifications for the burden imposed by its rule" because the State has not asserted any such justifications, much less even any "important regulatory interests," *ibid.*, which arguably might be "'sufficient to justify'" its restrictions. *Ibid.*